In the Matter of the Estate of MICHAEL SCOLPINO, Deceased.

Surrogate's Court, Putnam County, June 6, 1930.

*F. Leon Shelp*, for the petitioner.

*Theodore K. Schaefer*, for Mary B. Scolpino.

*Bart T. Manfredi*, for residuary legatees.

BAILEY, S. In this application the question presented for construction is as to whether the provision for the widow, contained in paragraph 2 of the last will and testament, is such a provision or settlement as is contemplated by section 35 of the Decedent Estate Law (as amd. by Laws of 1919, chap. 293), or whether the will is revoked as to the widow.

On July 13, 1923, the decedent made and executed his will, and in the 2d paragraph thereof bequeathed to Mary Bertavelli the sum of $1,000; at that time Mary Bertavelli was the wife of Dominick Bertavelli. Dominick Bertavelli died on June 23, 1925, and on February 20, 1927, testator married the said Mary Bertavelli; and at the time of his death on March 2, 1930, left him surviving his widow, Mary B. Scolpino, formerly Mary Bertavelli.

It is the contention of the residuary legatees that the legacy of $1,000 to Mary Bertavelli is a sufficient provision for the widow and that as to her the will is not revoked by the marriage of the testator; and they cite *Matter of Gaffken* (233 N. Y. 688) to uphold their contention.

In *Matter of Gaffken* (*supra*) the testator made his will two days before his marriage, which will was apparently made in contemplation of marriage, and the provision in that will was construed as an ante-nuptial provision.

In this case the testator, at the time of making his will, could not have contemplated his marriage to Mary Bertavelli, and in my opinion the provision for her in the 2d paragraph of his will was not such a provision as to prevent the revocation of his will by his marriage. I hold, therefore, that the will is revoked as to the widow and that she is entitled to the same rights in the estate of the decedent as if such will had not been made.